UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|   |   |   |
|---|---|---|
| ADAM HOLMAN, et al., | : | |
| | : | Case No. 1:20-cv-1719 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 9] |
| MICHAEL FRANKLIN, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this civil rights case, Plaintiffs Adam and Betty Holman sue Ashtabula City Solicitor Michael Franklin, the City of Ashtabula, and the Ashtabula Police Department for wrongfully seizing $8,450 during a lawful search of Plaintiffs' residence.[1] Although the funds have already been returned,[2] Plaintiffs bring a Fourth Amendment 42 U.S.C. § 1983 claim against all Defendants and an Ohio law conversion claim against the City and City Solicitor Franklin.[3]

With this order, the Court addresses Defendants' motion to dismiss the complaint on several grounds.[4] For the reasons stated below, the Court **GRANTS** Defendants' dismissal motion as to Plaintiffs' federal claim. Further, the Court declines to exercise jurisdiction over and accordingly **DISMISSES** Plaintiffs' remaining state claim.

I. BACKGROUND

The relevant facts are not disputed. On February 9, 2018, officers of the Ashtabula Police Department executed a search warrant at Plaintiffs' Ashtabula residence during an

---

[1] Doc. 1 at 3–4.
[2] Doc. 10 at 4–5.
[3] Doc. 1 at 3–4.
[4] Doc. 9.

Case No. 1:20-cv-1719
Gwin, J.

Election Falsification investigation of Plaintiffs' son, Reginald Holman.[5] Though the search warrant authorized police to seize only Election Falsification evidence, officers also discovered and seized $8,450 that the officers believed had been stolen in an unrelated crime.[6]

Almost a year later and on January 19, 2019, the criminal proceeding against Reginald Holman ended when he pleaded guilty to Attempted Election Falsification.[7] No charges or forfeiture claim were ever filed related to the purportedly stolen $8,450. But even though the City of Ashtabula had no obvious claim on the money, the City did not return the money to Plaintiffs.[8]

In February 2019, Plaintiffs formally asked the City to return the money. But, to no avail.[9] On April 9, 2019, Plaintiffs followed up by filing a claim for the funds in Ashtabula Municipal Court.[10] On April 10, 2019, Defendant Ashtabula Solicitor Franklin responded by filing his own Ashtabula Municipal Court action regarding the seized funds, requesting interpleader of potential fund claimants and declaratory judgment as to funds' true owner.[11] In his filing, Solicitor Franklin suggested that a third party actually owned the $8,450.

On June 25, 2019, the Ashtabula Municipal Court dismissed Defendant Solicitor Franklin's suit, concluded that the funds were seized outside the scope of the Election

---

[5] Doc. 1 at 2.
[6] *Id.*; *Ashtabula v. Holman*, No. 2019-A-0060, 2020 WL 2313717, at *1 (Ohio Ct. App. 11th Dist. May 11, 2020).
[7] Doc. 1 at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3.

-2-

Case No. 1:20-cv-1719
Gwin, J.

Falsification search warrant, and ordered the funds returned to Plaintiffs.[12] On May 11, 2020, the Ohio Court of Appeals affirmed the Ashtabula Municipal Court's decision.[13] Defendant Franklin then complied with the court order and returned the money to Plaintiffs.[14]

On August 5, 2020, Plaintiffs brought a Fourth Amendment 42 U.S.C. § 1983 claim against Solicitor Franklin, the City of Ashtabula, and the Ashtabula Police Department as well as an Ohio law conversion claim against Franklin and the City.[15] On October 29, 2020, Defendants collectively moved to dismiss the complaint, arguing that Plaintiffs' claims are time-barred, that Defendant Franklin is absolutely immune to the claims, that Plaintiffs did not adequately plead a *Monell* claim against the City, and that the Ashtabula Police Department cannot be sued directly.[16] Plaintiffs oppose,[17] and Defendants' reply.[18]

## II.     DISCUSSION

Defendants argue, among other things, that Plaintiffs' federal claims are time-barred. While the parties agree that the § 1983 limitations period is two years,[19] they disagree about when the § 1983 claim accrued. Defendants argue that the period began February 9, 2018, the date the $8,450 was initially seized from Plaintiffs' residence. If the § 1983 claim accrued when the money was seized, the August 5, 2020 complaint was untimely.

---

[12] *Id.*
[13] *Id.*; *Holman*, 2020 WL 2313717, at *5.
[14] Doc. 10 at 4–5.
[15] Doc. 1 at 3–4.
[16] Doc 9.
[17] Doc. 10.
[18] Doc. 11.
[19] Ohio Rev. Code § 2305.10(A).

-3-

Case No. 1:20-cv-1719
Gwin, J.

Plaintiffs, on the other hand, argue that the two-year limitations period began no earlier than February 2019, the date they learned that Defendants would not return the seized funds. If the § 1983 claim accrued in February 2019, the complaint was timely.

While federal courts incorporate state personal injury statute of limitations for § 1983 claims, federal law determines when claims accrue. Federal courts look to common law tort principles to determine when a plaintiff's § 1983 claim accrues.[20]

Plaintiffs' Fourth Amendment claim is most analogous to a conversion tort. A Fourth Amendment claim accrues on the date property is initially wrongfully searched or seized.[21] Similarly, a conversion claim accrues when the plaintiff is initially deprived of his property.[22] These principles support Defendants' contention that the two-year limitations period began with the February 9, 2018 funds seizure.

Plaintiffs give two reasons why their claims are not time-barred.

First, Plaintiffs argue that Defendants' repeated refusal to return the money was a "continuing violation" that tolls the statute of limitations.

The Sixth Circuit uses a three-part continuing violation test: (1) the defendant's wrongful conduct must continue after the initiating event; (2) injury to the plaintiff must continue to accrue after that event; and (3) further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct.[23]

---

[20] *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (looking to common law false imprisonment tort principles in holding that a 42 U.S.C. § 1983 wrongful arrest claim was time-barred).
[21] *United States v. Calandra*, 414 U.S. 338, 354 (1974).
[22] *See* 54 C.J.S. Limitations of Actions § 233 (2020 ed.).
[23] *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999).

Case No. 1:20-cv-1719
Gwin, J.

With respect to the first factor, the Supreme Court has held that a Fourth Amendment violation is "fully accomplished" at the time of the initial search or seizure.[24] Likewise, "inaction," like Defendants' failure to return the seized funds, generally "does not support a continuing violation theory."[25]

As for the second factor, courts must consider the "subtle difference between a continuing violation and a continuing effect of the prior violation."[26] Even though a plaintiff may suffer hardship each day that he is deprived of property, the defendant does not therefore commit a new violation each day.[27] Finally, although Defendants could have prevented further *effects* of the wrongful seizure by returning the money earlier, their inaction does not constitute continuing conduct for continuing violations purposes.[28]

Plaintiffs' continuing violations argument therefore fails.

Second, Plaintiffs implicitly argue that they should not have been required to bring their § 1983 claim at least until their son's criminal proceedings ended with his January 19, 2019 guilty plea. Though Plaintiffs cite no authority, this argument is somewhat related to the rule that § 1983 actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[29]

---

[24] *Calandra*, 414 U.S. at 354.
[25] *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).
[26] *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 858 (6th Cir. 2003).
[27] *Id.*; *Stanley v. Malone*, No. 2:07-cv-694, 2009 WL 485491, at *7 (S.D. Ohio Feb. 26, 2009) ("Defendants' continued retention of the seized vehicles and any damage that occurred to those vehicles while they were subsequently stored in the impound lot are simply continuing ill effects of the earlier seizure.").
[28] *Trzebuckowski*, 319 F.3d at 858; *Stanley*, 2009 WL 485491, at *7.
[29] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

-5-

Case No. 1:20-cv-1719
Gwin, J.

To elaborate, this Court would need find that Ashtabula officers violated the Fourth Amendment in seizing the $8,450 to give Plaintiffs their requested relief, causing inherent tension with any state criminal proceedings arising from the cash seizure. Plaintiffs therefore argue that *Heck* principles did not allow this case to proceed until any state court criminal proceedings concluded. Thus, in Plaintiffs' view, the limitations period should not have begun until at least January 19, 2019, the earliest date Reginald Holman's criminal proceedings arguably concluded, to avoid any risk of conflicting state and federal judgments.

The problem for Plaintiffs is that the Supreme Court has rejected this very argument in the context of a § 1983 false arrest claim.[30] Indeed, the Court held: "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[31]

If a plaintiff fails to bring his claim within the limitations period after his injury accrues, his claim is time-barred, even if criminal proceedings are pending against him during the limitations period or no criminal proceedings have yet been brought at all.[32]

Accordingly, because Plaintiffs failed to bring their § 1983 claim within two years of the February 9, 2018 police seizure of the $8,450 from their home, their August 5, 2020 claim is barred by the statute of limitations. Plaintiffs' federal claim is accordingly dismissed.

---

[30] *Wallace v. Kato*, 549 U.S. at 393 (explicitly rejecting the argument that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside").
[31] *Id.* at 393–94.
[32] *Id.* at 397.

-6-

Case No. 1:20-cv-1719
Gwin, J.

As for Plaintiffs' state claim, where all federal claims are dismissed before trial, district courts ordinarily may dismiss any remaining state claims.[33] The Court sees no reason to depart from that rule in this case.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' dismissal motion as to Plaintiffs' federal claim. Further, the Court declines to exercise jurisdiction over and accordingly **DISMISSES** Plaintiffs' remaining state claim.

IT IS SO ORDERED

Dated: January 6, 2021         *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[33] *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996); 28 U.S.C. § 1367(c)(3).